```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION AT LEXINGTON
```

| | | |
|---|---|---|
| COMMONWEALTH SMILES, PLLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 5:17-cv-00365-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| COMMONWEALTH DENTISTRY I, P.S.C. | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**I.**

A Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure "is appropriately granted 'when no material issue of fact exists and the party is entitled to judgment as a matter of law.'" *See Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008). In making that determination, the Court utilizes the standards applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.*

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must take "all well-pleaded material allegations of the pleadings" as true. *Fritz v. Charter Township of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010). The averments of the complaint "need to be sufficient to give notice

1

to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009)). "'[A] legal conclusion couched as a factual allegation,'" however, "need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." *Id.* (quoting *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009) and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).

**II.**

Plaintiff Commonwealth Smiles, PLLC, is a Kentucky limited liability company with its principal place of business in Fayette County, where it has been continuously operating since 2012, providing dentist and dental hygiene services in the area of general, cosmetic, and family dentistry. Defendant Commonwealth Dentistry, P.S.C., is a Kentucky professional services corporation with its principal place of business in Fayette County. Although it was originally filed as formed as a professional services corporation with a principal place of business in Charlottesville, Virginia, it was administratively dissolved. Upon reinstatement, it listed its principal place of business in Lexington, Kentucky, where it now provides services for dentistry and dental hygiene in the area of general, cosmetic, and family dentistry. Neither

Plaintiff nor Defendant have branch offices outside of the Commonwealth of Kentucky, nor is either business licensed to provide medical treatment in the form of dentistry or dental services in any state other than the Commonwealth of Kentucky.

If permitted to amend its Complaint, Plaintiff would aver these additional facts. It advertises its goods and services via the internet, print, and television. Defendant advertises its goods and services via the internet through its website, Facebook page, and online advertisements, as well as on the radio. Both dental practices purchase goods including drugs, medical devices, office and dental equipment, and chemicals which, presumably, are procured through interstate commerce. Further, Plaintiff communicates medical records, purchase of goods, and processes insurance claims and reimbursements, all of which involve interstate transactions, presumably. Plaintiff also treats patients traveling to or through Kentucky.

## III.

Section 43(a) of the Lanham Act prohibits the use of a trademark "in commerce" that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(a)(A). "In commerce" means all commerce which may be

3

regulated by Congress, i.e., interstate commerce. *Jellibeans, Inc. v. Skating Clubs of Georgia, Inc.*, 716 F.2d 833, 838 (11th Cir. 1983); *Berghoff Restaurant Co., Inc. v. Lewis W. Berghoff, Inc.*, 357 F. Supp. 127 (N.D. Ill. 1973). Purely intrastate disputes do not fall under the Lanham Act. *Jellibeans*, 716 F.2d at 838; *Mother Waddles Perpetual Mission, Inc. v. Frazier*, 904 F. Supp. 603, 611, (E.D. Mich. 1995).

Congress regulates three broad categories of interstate commerce: (1) the use of channels of interstate commerce, (2) the instrumentalities of, or persons or things in, interstate commerce, and (3) activities substantially affecting interstate commerce. *United States v. Lopez*, 514 U.S. 549 (1995). A plaintiff may satisfy the jurisdictional requirement of use in commerce by demonstrating either that the allegedly infringing mark, or the false designation or misrepresentation of it, was used in connection with goods in interstate commerce or that the defendant's use, while wholly intrastate, tended to have a substantial effect on plaintiff's interstate business. *Id.*

In this instance, the facts averred do not support a claim under the Lanham Act because the dispute alleged is a purely intrastate dispute and the use of the mark, Commonwealth Dentistry, did not tend to have a substsantial effect on Plaintiff's interstate business.

It follows that Plaintiff's Motion to Amend is futile and shall be denied. The Court construes Defendant's Motion for Partial Judgment on the Pleadings as a motion to dismiss for failure to state a claim and grants the motion with respect to Plaintiff's claim under the Lanham Act. Finally, the Court declines to exercise supplemental jurisdiction over the remaining state claims and remands this matter to Fayette Circuit Court for all further proceedings.

Accordingly,

**IT IS ORDERED** that Plaintiff's claim under the Lanham Act be, and the same hereby is, **DISMISSED with prejudice.**

The Court having declined to exercise supplemental jurisdiction over the remaining state claims,

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims be, and the same hereby are, **REMANDED to the Fayette Circuit Court from which they were removed.**

This the 13th day of September, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge